UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROWLAND BERCY | CIVIL ACTION |
| VERSUS | NO: 11-2251 |
| STATE FARM FIRE AND CASUALTY INSURANCE CO. | SECTION: "A" (5) |

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 26)** filed by defendant State Farm Fire and Casualty Co. Plaintiff Rowland Bercy opposes the motion. The motion, noticed for submission on February 12, 2014, is before the Court on the briefs without oral argument.[1] For the reasons that follow the motion is GRANTED.

### I.  BACKGROUND

On July 29, 2011, Plaintiff filed this action in state court to recover for damages sustained during Hurricane Katrina. Prior to filing suit Plaintiff estimated the damage to his Orleans Parish property to be $347,907.69, which included a demand for attorney's fees. (Rec. Doc. 1-2, Exhibit B). Plaintiff alleged in his petition that he had received no good faith tenders from State Farm notwithstanding his demand. (Rec. Doc. 1-1, Petition ¶ V). He demanded his policy limits and included a claim for statutory penalties. (*Id.* ¶ VI). State Farm removed the action to this Court based on diversity jurisdiction.

Shortly thereafter State Farm moved for judgment on the pleadings contending that Plaintiff's claims were prescribed. (Rec. Doc. 7). On October 7, 2011, the Court denied State Farm's motion, (Rec. Doc. 11), and the case was set for trial, (Rec. Doc. 13). The Court then

---

[1] State Farm has requested oral argument but the Court is not persuaded that oral argument would be helpful in light of the issues presented.

1

granted Plaintiff's motion to stay the matter pending the resolution of several Louisiana cases pertinent to the prescription issue in this case. (Rec. Docs. 17 & 21).

On November 13, 2013, State Farm moved to lift the stay because the Louisiana Supreme Court had issued its decisions in the pending cases that Plaintiff had cited in his motion to stay. (Rec. Doc. 22). The Court granted the motion and the case was once again set for trial. (Rec. Docs. 23 & 25). The case is scheduled to be tried to a jury on September 22, 2014.

State Farm now moves for summary judgment arguing that under Louisiana law Plaintiff's claims are prescribed. According to State Farm Plaintiff's petition is prescribed on its face and so the burden of proof is on him to establish that his claims are timely. State Farm contends that Plaintiff cannot identify any putative class action that would have interrupted prescription with respect to his claims notwithstanding that he has now been given the opportunity to conduct discovery on the issue.

## II.   DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant

2

must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When jurisdiction is based on diversity of citizenship, a federal court applies the substantive law of the forum state, including its prescriptive period. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R. v. Tompkins,* 304 U.S. 64 (1938)); *Crase v. Astroworld, Inc.*, 941 F.2d 265, 267 (5th Cir. 1991). A federal court sitting in Louisiana looks to the final decisions of Louisiana's highest court to determine Louisiana law. *Holt*, 627 F.3d at 191 (citing *Am. Int'l Spec. Line Ins. Co. v. Canal Indem.* Co., 352 F.3d 254, 260 (5th Cir. 2003)).

Under Louisiana law, all claims filed against an insurer for recovery related to losses from Hurricane Katrina had to be filed by September 1, 2007, unless some type of suspension or interruption of prescription applies. *See McGee v. State Farm Fire & Cas. Co.*, 515 Fed. Appx. 291, 293 (5th Cir. 2013) (per curiam) (unpublished) (citing 2006 La. Acts 802). Although the mover typically bears the burden of proof on the issue of prescription, the burden of proof shifts to the plaintiff to negate the presumption of prescription that attaches when a petition is prescribed on its face. *Taranto v. La. Citizens Prop. Ins. Corp.*, 62 So. 3d 721, 726 (La. 2011) (citing *Bailey v. Khoury*, 891 So. 2d 1268, 1275 (La. 2005)).

In *Taranto*, *supra*, the Louisiana Supreme Court held that the filing of a lawsuit designated as a class action pursuant to Louisiana Code of Civil Procedure article 591 suspends prescription for all members of the putative class until the district court has ruled on the motion to certify the class. 62 So. 3d at 735. When notice is given pursuant to article

596, the suspended prescription period resumes running. *Id.*

Following *Taranto*, the Louisiana Supreme Court decided *Quinn v. Louisiana Citizens Property Insurance Corp.*, 118 So. 3d 1011 (La. 2012). *Quinn* held that the suspending provisions of Louisiana Code of Civil Procedure article 596 do not apply to putative class actions filed in a federal court. *Id.* at 1012. According to the plain terms of article 596, an individual plaintiff who files an independent suit must establish three predicate facts: 1) the existence of a timely filed class action proceeding against the defendant, 2) that he or she is a member of the class described or defined in the identified class action petition, and 3) that the claims asserted in the independent action arise "out of the transactions or occurrences described" in that petition. *Id.* at 1017. But article 596 does not allow for "cross-jurisdictional tolling" so the timely-filed class action proceeding that the plaintiff identifies must be one that was filed in a Louisiana state court. *Id.* at 1019.

In the instant case Plaintiff filed his petition on July 29, 2011, which was nearly four years after the final deadline of September 1, 2007, for Katrina claims. Therefore, under Louisiana law Plaintiff has the burden of establishing either a suspension or interruption of the prescriptive period. Absent such a showing, State Farm will be entitled to judgment as a matter of law.

To the extent that Plaintiff attempts to satisfy his showing of the three predicate facts under *Quinn*, the only class action that he mentions by name in his opposition is 07-558,[2] *Louisiana State, et al. v. AAA Insurance, et al.* That case has over 600 docket entries yet Plaintiff never identifies any specific record entry that contains the class definition that he claims to be a part of. The Court was only able to discern from the parties' briefing that the

---

[2] The Court assumes that Plaintiff meant to refer to Civil Action 07-5528, which has been concluded for some time.

4

case had something to do with the Road Home Program. But Plaintiff testified at his deposition that he never participated in the Road Home Program because he applied for benefits but was denied. (Rec. Doc. 34-2, Exhibit A to State Farm's Reply). One of the reasons that Plaintiff was denied was because he was not living in the house but instead was renting it out when Katrina struck. (Rec. Doc. 26-3, Exhibit B to State Farm's Motion). The Court agrees with State Farm's contention that Plaintiff cannot meet his burden by summarily alluding to a Katrina class action that happened to name State Farm as a defendant. Instead he must demonstrate that his specific claims fall within a specific class definition and Plaintiff has failed to do that. Moreover, Plaintiff completely fails to address the potential problem with the type of cross-jurisdictional tolling that he is attempting to employ given that the Road Home litigation was removed to federal court in September 2007.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 26)** filed by defendant State Farm Fire and Casualty Co. is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff will be given **30 days** from entry of this Order and Reasons to move for reconsideration by making the detailed and proper showing required by Louisiana law, if he can. The Court will withhold entry of a final judgment during this 30 day period.

April 30, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE